SCHOONOVER, Acting Chief Judge.
R.M.S., a juvenile, challenges the sentence imposed upon him by the trial court. We find that the court had the authority to *302 suspend the appellant’s driving privileges, but erred by suspending those privileges for two years.
The appellant was charged with, and found guilty of, committing the delinquent act of resisting arrest without violence. § 843.02, Fla.Stat. (1987). The appellant was seventeen years old when the delinquent act was committed, but over eighteen at the time of the disposition hearing. The court entered an order adjudicating the appellant delinquent and continuing him on community control with the condition that his driver’s license would be suspended for two years. This timely appeal followed.
The appellant contends that the court did not have authority to suspend his driver’s license. He also contends, alternatively, that even if the court had that authority, the court erred by suspending his license past his nineteenth birthday. We reject the appellant’s first contention. The trial court in a juvenile proceeding has authority as part of a community control program to suspend a juvenile’s license pursuant to section 39.11(1)(a), Florida Statutes (1989). See also § 39.11(1)(d), Fla.Stat. (1987); In the Interest of B.P., 538 So.2d 73 (Fla. 4th DCA 1989). We agree, however, that the court erred in suspending the appellant's license beyond his nineteenth birthday. The court loses jurisdiction over a juvenile when the juvenile attains the age of nineteen, see § 39.02(4), Fla.Stat. (1987), and accordingly, it cannot suspend a driver’s license beyond that time. In the Interest of B.P.
We, accordingly, affirm that part of the order which suspends the appellant’s driver’s license, but remand for the entry of an amended order limiting the duration of the suspension to a period not to exceed the appellant’s nineteenth birthday.
Affirmed in part, reversed in part, and remanded with instructions.
THREADGILL and ALTENBERND, JJ., concur.